UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:13-cr-16-JMS-CMM-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| IVAN VANBUREN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13-cr-00016-JMS-CMM |
| ) | |
| IVAN VANBUREN, ) | -01 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Ivan Vanburen has filed a motion seeking compassionate release[1] under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 703. For the reasons explained below, his motion is **DENIED**.

### I.     Background

In July 2014, the Court sentenced Mr. Vanburen to 240 months in prison and 5 years of supervised release after he pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine (mixture) and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 458, 459.

Mr. Vanburen filed his initial motion for compassionate release and several supplements pro se. Dkts. 703, 704, 711, 714-16, 718, 720, 721. The Court appointed counsel, dkt. 706, and counsel filed a brief in support of his motion, dkt. 713. In his submissions, Mr. Vanburen argues that he establishes extraordinary and compelling reasons for compassionate release because he is

---

[1] Defendant states that he is alternatively seeking a sentence reduction from 240 months of incarceration to 120-150 months of incarceration. Dkt. 703 at 12. For the same reasons that the Court finds that compassionate release is not appropriate, as discussed herein, the Court also finds that a reduction of Defendant's sentence is not appropriate.

at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (asthma, cancer, hypertension, chronic kidney disease, obesity). He also argues that due to changes in sentencing laws, he would likely receive a shorter sentence if sentenced today. Dkt. 823 at 6. Finally, he argues that he has substantially rehabilitated himself while incarcerated. The United States has filed responses, dkts. 713, 727, and Mr. Vanburen filed a reply and supplements, dkts. 724, 730. The motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Vanburen's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or

the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Vanburen is fully vaccinated, dkt. 727, and has presented no evidence that he is unable to receive or benefit from the vaccine. Mr. Vanburen points to the CDC's statement that "people who are immunocompromised or are taking medicines that weaken their immune system may not be protected even if they are up to date on their vaccines," to show that he cannot benefit from the vaccines and therefore remains at risk. Dkt. 730 citing https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, simply because the immune response of moderately or severely immunocompromised individuals to COVID-19 vaccination may not be as strong as in people who are not immunocompromised, *see* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html (last visited July 27, 2023), does not mean he is unable to benefit from the vaccine. Even if immunocompromised individuals might not develop an adequate immune response from vaccination, Mr. Vanburen still needs to submit evidence suggesting that he is unable to benefit from the vaccine. *United States v. Jackson*, No. 21-3335, 2022 WL 4244894, at *1 (7th Cir. Sept. 15, 2022) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021)). He has not done so.

Additionally, Mr. Vanburen "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No.

21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court declines to exercise its discretion to find that Mr. Vanburen has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.

      Mr. Vanburen next contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today, due to non-retroactive changes to sentencing laws and guidelines, establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). As summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir.

2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Similarly, any challenge to his original sentence is also not an extraordinary and compelling reason to grant release. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

That leaves Mr. Vanburen with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Vanburen has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Vanburen's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant his compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Vanburen establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

## III. Conclusion

For the reasons stated above, Mr. Vanburen's motion for compassionate release, dkt. [703], is **denied**.

**IT IS SO ORDERED.**

Date: 8/4/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel